COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Peter S. Pearlman
Jeffrey W. Herrmann
Park 80 Plaza West-One
Saddle Brook, NJ  07663
(201) 845-9600

WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
Telephone (212) 759-4600

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF INVESTMENT, on behalf of COMMON PENSION FUND A, <br><br> Plaintiff, <br><br> v. <br><br> MERRILL LYNCH & CO., INC. and BANK OF AMERICA CORPORATION, <br><br> Defendants. | CIVIL ACTION NO.: 09-cv-04526 <br><br> (State Court Docket No. L-3855-09) |

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION TO REMAND**

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................1

SUMMARY OF MATERIAL FACTS.........................................................................3

ARGUMENT.................................................................................................................6

    THIS LITIGATION SHOULD BE REMANDED TO
    THE NEW JERSEY SUPERIOR COURT..............................................................6

    A.    Removal Is Precluded By the Parties' Choice of Forum ...............................6

    B.    Congress, In Enacting SLUSA, Determined that Claims of This Nature
          Should Be Remanded to State Court ............................................................9

    C.    This Court Lacks Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSIION ..........................................................................................................14

## **TABLE OF AUTHORITIES**

Page

*Abels v. State Farm Fire & Cas. Co.,*
770 F.2d 26 (3rd Cir. 1985) ...................................................................................6

*American Soda, LLP v. U.S. Filter Wastewater Group, Inc.,*
428 F.3d 921 (10th Cir. 2005) ................................................................................9

*AVC Nederland B.V. v. Atrium Inv. Partnership,*
740 F.2d 148 (2d Cir. 1984)...................................................................................9

*Boyer v. Snap-On Tools Corp.,*
913 F.2d 108 (3rd Cir. 1990) .................................................................................6

*Cessna Aircraft Co. v. Fidelity & Cas. Co. of New York,*
616 F.Supp. 671 (D.N.J. 1985)..............................................................................8

*Consol Energy, Inc. v. Berkshire Hathaway, Inc.,*
252 Fed.Appx. 481 (3d Cir. Oct. 30, 2007) .......................................................7, 8

*Cribbins v. Beal Bank SSB,*
2007 WL 1451666, at *3 (W.D. Pa. May 15, 2007)..............................................8

*Dixon v. TSE Int'l, Inc.,*
330 F.3d 396 (5th Cir. 2003) ..............................................................................8, 9

*Empire Healthchoice Assur. Inc. v. McVeigh,*
547 U.S. 677 (2006)............................................................................................12

*Excell, Inc. v. Sterling Boiler & Mechanical, Inc.,*
106 F.3d 318 (10th Cir. 1997) ................................................................................9

*Fagin v. Gilmartin,*
2007 WL 419286, at *4 (D.N.J. Feb. 1, 2007) ....................................................13

*Fairfax Financial Holdings Ltd. v. S.A.C. Capital Management, LLC,*
2007 WL 1456204, at *5 (D.N.J. May 15, 2007) ................................................13

*Fleming & Hall, Ltd. v. Cope,*
30 F.Supp.2d 459 (D. Del. 1998)...........................................................................8

*Foster v. Chesapeake Ins. Co., Ltd.,*
933 F.2d 1207 (3d Cir. 1991)............................................................................7, 8

*General Engineering Corp. v. Martin Marietta Alumina, Inc.,*
783 F.2d 352 (3d Cir. 1986)..................................................................................7

|   | Page |
|---|---|
| *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) | 11-14 |
| *Karl Koch Erecting Co., Inc. v. New York Convention Center Develop. Corp.*, 838 F2d 656 (2d Cir. 1988) | 9 |
| *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992) | 9 |
| *Oxford Realty Group, LLC v. Axis Reinsurance Co.*, 2009 WL 1324028 (D.N.J. May 12, 2009) | 8 |
| *Ret. Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257 (M.D. Ala. 2002) | 10 |
| *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289 (3d Cir. 2001) | 7 |
| *Siravo v. Crown, Cork & Seal Company*, 364 F.Supp. 967 (W.D. Penn. 1973) | 12 |
| *Spatz v. Nascone*, 256 Fed. Appx. 577 at *8 (3rd Cir. 2007) | 8, 9 |
| *Stechler v. Sidley Austin Brown & Wood, LLP*, 2006 WL 90916, at *1 (D.N.J. Jan. 13, 2006) | 13 |
| *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) | 6 |
| *Tennessee Consol. Retirement Sys. v. Citigroup, Inc.*, 2003 WL 22190841, at *2 (M.D. Tenn. May 9, 2003) | 10 |

## STATUTES

| | |
|---|---|
| 15 USC §78bb(f)(1), *et seq* | 2 |
| 15 USC 78bb(f)(2) | 2 |
| 15 USC 78bb(f)(3) | 2 |
| 15 USC 78bb(f)(3)(B) and (D) | 2, 10, 14 |
| 28 U.S.C. § 1447(c) | 11 |

## OTHER SOURCES

| | |
|---|---|
| Securities Litigation Uniform Standards Act | 2 |

## PRELIMINARY STATEMENT

Plaintiff, the State of New Jersey, Division of Investment ("NJ DOI"), respectfully submits this Memorandum in support of its motion to remand this action back to the New Jersey Superior Court, Hudson County (the "NJ Action") pursuant to 28 U.S.C. § 1447(c).[1]

The Complaint in the NJ Action (dated July 28, 2009) (annexed as Exhibit 1 to the Notice of Removal) asserts exclusively state law claims. Plaintiffs' claims are brought pursuant to two detailed contracts, negotiated between sophisticated parties, dated January 15, 2008 and July 28, 2008, respectively (the "Agreements") (annexed as Exhibits A and B to the Herrmann Certification[2])), that clearly and unequivocally provide, in Section 6.10 thereof, for exclusive jurisdiction and venue in connection with any dispute controversy or claim arising out of or relating to the Agreements, including claims seeking redress or asserting rights under any law, "in the appropriate courts of the State of New Jersey."

Forum selection clauses, such as these, between sophisticated parties, are routinely enforced by the federal courts consistent with the clear intention of the parties. Incredibly, defendants' Notice of Removal fails to mention the forum selection clause.

Moreover, defendants do not dispute that the Securities Litigation Uniform Standards Act ("SLUSA") requires that this Court remand the action to state court. *See* 15 USC §78bb(f)(1), *et seq.* SLUSA (in subsection 78bb(f)(2)) only allows removal

---

[1]   Defendants Merrill Lynch & Co., Inc. ("Merrill Lynch") and Bank of America Corp. ("Bank of America") removed the NJ Action to this Court pursuant to Notice of Removal dated September 2, 2009.

[2]   References to the "Herrmann Certification" are to the Certification of Jeffrey W. Herrmann dated September 16, 2009 In Support of Plaintiff's Motion to Remand.

2

from state court of "covered class actions" and expressly provides (in subsection 78bb(f)(3)) for the "preservation" in state court of other actions. Subsections 78bb(f)(3)(B) and (D) specifically require that "the Federal court shall remand" to state court any action on behalf of an instrumentality of a State that "may be maintained in State court."

Defendants do not dispute that this action (alleging only state law claims) "may" be maintained in New Jersey state court. As with the forum selection clause, defendants do not mention the provisions of SLUSA requiring remand.

Remand is further required because there is no federal court jurisdiction. Plaintiff asserts no federal claims.

## SUMMARY OF MATERIAL FACTS

Plaintiff, NJ DOI, is an instrumentality of the State of New Jersey. Common Pension Fund A is a common trust fund managed by the NJ DOI for the benefit of former and current New Jersey State employees (¶¶ 15 and 17).[3] On January 15, 2008, Merrill and NJ DOI executed the Share Subscription Agreement pursuant to which NJ DOI purchased 3,000 shares of Merrill's Series 1 Preferred Stock in a private placement for $300 million. Herrmann Cert.., Exh. A. Six other investors purchased Preferred Shares on the same terms as NJ DOI in that private placement, including TPG-Axon Capital. See ¶¶ 70-71. On or about July 28, 2008, NJ DOI and Merrill Lynch entered into a Share Exchange Agreement providing for the conversion of the Preferred Shares to 11 million shares of Merrill Lynch common stock. Herrmann Cert.., Exh. B.

Bank of America acquired Merrill pursuant to a Plan and Agreement of Merger, effective January 1, 2009. As the successor in interest to Merrill, Bank of America is

---

[3] All references to "¶ __" are to paragraphs of the Complaint in the NJ Action.

bound to the same terms of the Agreements as is Merrill. ¶¶ 28 and 175; Agreements, § 6.9.

NJ DOI insisted as a condition to converting its Preferred Shares to common shares that it receive on conversion at least as good terms as the other Preferred Share investors, including TPG. *See* ¶ 119. Merrill represented in Section 3.13 of the Share Exchange Agreement, entitled "Current Transactions; Issuances," that

> No Concurrent Transaction contains terms that are more favorable in any material respect to the purchaser in such Concurrent Transaction than those granted by the Company in favor of [NJ DOI] in [the Share Exchange Agreement].

Section 3.13 of the Disclosure Schedules (appended to the Share Exchange Agreement) represented that if any holder of Preferred Shares exchanged those Preferred Shares for a New Series of preferred shares, those "New Shares will have substantially the same voting rights, and qualifications, limitations and restrictions as the Preferred Shares but will have a reference price of $33.00 and no reset provisions." Complaint, ¶ 144.

Merrill violated Section 3.13 of the Share Exchange Agreement and Disclosure Schedules by converting the Preferred Shares of another investor (TPG) to a New Series (Series 3) of Preferred Shares with a reference price of $22.50 per share. The preferred shares issued to TPG were substantially more valuable than the common stock issued to NJ DOI, or preferred shares with a reference price of $33.00 per share, which was the reference price required by Section 3.13 of the Disclosure Schedules. Plaintiff asserts claims for breach of contract, negligent misrepresentation, and breach of the covenant of good faith and fairing dealing, under New York law, against Merrill, for violations of

4

Section 3.13 of the Share Exchange Agreement and Disclosure Schedules, with respect to Merrill's agreement to exchange Preferred Shares.

Section 3.6(a) of the Agreements also represented that Merrill's SEC filings did not contain any untrue statement of material fact or omit to state any material fact required to be stated therein or necessary to make the statements therein not misleading. Section 3.6(b) represented that Merrill's SEC filings complied with generally accepted accounting principles ("GAAP") and the published rules and regulations of the SEC. Section 3.6(c) represented that Merrill's internal control over financial reporting provided reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with GAAP.

NJ DOI asserts claims for breach of contract and negligent misrepresentation under New York law with respect to Sections 3.6(a), (b), and (c) in that Merrill's financial statements were materially false and misleading in that they did not state Merrill's true exposure to monoline insurers and the true value of Merrill's complex financial assets. NJ DOI also alleges that Merrill common shares, which had traded at approximately $52.40 a share at the time of the January 15, 2008 Share Subscription Agreement, declined to a value of $6.17, on January 16, 2009, after the true facts concerning Merrill's fourth quarter 2008 financial statements were revealed. ¶ 185 (giving effect to Bank of America's $7.18 per share closing price and the .8596 share exchange ratio in the merger).

Section 6.10 of the Share Subscription Agreement (Exh. A) and the Share Exchange Agreement (Exh. B) vest "exclusive jurisdiction" over any dispute

arising out of the Agreements, "including claims seeking redress or asserting rights under any law" in "the appropriate courts of the State of New Jersey."

Section 6.10 of the Share Subscription Agreement (Exh. A) and the Share Exchange Agreement (Exh. B) also provides that New York substantive law shall be applied to the claims asserted herein.

NJ DOI filed the Complaint in New Jersey Superior Court on July 28, 2009, as required by the forum selection clause in the Agreements, alleging claims exclusively under New York law.

## ARGUMENT

### THIS LITIGATION SHOULD BE REMANDED TO THE NEW JERSEY SUPERIOR COURT

Removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), *citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3rd Cir. 1985) "A District Court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990). Defendant bears the burden of showing that removal was proper. *Id.* at 111.

### A. Removal Is Precluded By the Parties' Choice of Forum

Sections 6.10 of the Share Subscription Agreement (Exh. A) and the Share Exchange Agreement (Exh. B) both unambiguously state that "[i]n connection with any dispute, controversy or claim arising out of or relating to [these Agreements], or the validity, interpretation, breach or termination of this Agreement, *including claims seeking*

*redress or asserting rights under any law*, each of the parties hereto agrees ... that exclusive jurisdiction and venue shall lie in the appropriate courts *of* the State of New Jersey." Emphasis added. Federal District Court is not a court of the State of New Jersey. Superior Court, where the NJ Action was originally filed, is such a court of the State of New Jersey.

The parties thus unambiguously and expressly agreed that all claims asserted by NJ DOI against Merrill Lynch, even claims "asserting rights" with respect to SEC filings (under New York state law or otherwise), must be determined in New Jersey state court.

Merrill Lynch's Notice of Removal, incredibly, does not cite the forum selection clause.

Forum selection clauses have been routinely upheld by the Third Circuit to effectuate a waiver of the right to remove. *See Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289 (3d Cir. 2001) (affirming dismissal of action for breach of contract and breach of fiduciary duty in connection with fraud in the sale of securities where forum selection clause required that any claim that related "directly or indirectly" to sale or to advice rendered regarding sale of notes was to be brought in New York state or federal court); *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216 (3d Cir. 1991) (affirming the District Court's holding that a forum selection clause providing that defendant "will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction...waived the defendant's right to remove"); *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352 (3d Cir. 1986) (dismissing case pursuant to forum selection clause providing "any action or suit arising out of this Contract shall be

7

instituted in the courts of the State of Maryland and the parties hereto consent to service, jurisdiction and venue of such courts for all purposes"). *See also Consol Energy, Inc. v. Berkshire Hathaway, Inc.*, Civil Action Nos., 06-2105, 06-2152, 252 Fed.Appx. 481 (3d Cir. Oct. 30, 2007) (affirming remand based on forum selection clause); *Cessna Aircraft Co. v. Fidelity & Cas. Co. of New York,* 616 F.Supp. 671 (D.N.J. 1985) (forum selection clause waived right to remove); *Oxford Realty Group, LLC v. Axis Reinsurance Co.*, Civil Action No. 08-CV-6303 (WJM), 2009 Westlaw 1324028 (D.N.J. May 12, 2009) (same as *Cessna*) (Magistrate's recommendation); *Fleming & Hall, Ltd. v. Cope*, 30 F.Supp.2d 459 (D. Del. 1998) (citing to *Foster* in holding that defendant waived right to remove to federal court by signing confidentiality agreement containing forum selection clause stating "claims, disputes, or causes of action relating to or arising out of this Agreement shall be brought, heard and resolved solely and exclusively by and in the Delaware Chancery Court situated in New Castle County, Delaware"); *Cribbins v. Beal Bank SSB*, Civil Action No. 07-391, 2007 WL 1451666, at *3 (W.D. Pa. May 15, 2007) (citing to *Foster* in remanding to state court pursuant to parties' stipulation agreeing to consolidate two actions in state court "for purposes of discovery and pre-trial proceedings").

Cases in other circuits have, similar to the Third Circuit, held that the right to remove is waived by a forum selection clause. *See, e.g., Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (agreeing with the lower court, in affirming remand, that a contract providing that the "Courts of Texas" would have jurisdiction over all disputes arising thereunder waived defendant's right to remove the suit to federal court and noting

8

that "Federal district courts may be *in* Texas, but they are not *of* Texas")[4] (emphasis in original); *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 925 (10th Cir. 2005) (relying on *Dixon* in affirming remand and holding that forum selection clause calling for resolution of contractual disputes in the "courts of the State of Colorado" designated Colorado state court system as forum for resolution of disputes arising out of the contract, and did not include the federal district court); *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997) (affirming remand, holding that clause providing that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" precluded removal from state to federal court); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992) (affirming remand, holding that clause stating "venue shall be proper under this agreement in Johnson County, Kansas" prohibited removal to federal court); *Karl Koch Erecting Co., Inc. v. New York Convention Center Develop. Corp.*, 838 F2d 656, 659 (2d Cir. 1988) (affirming remand where contract provided "no action or proceeding shall be commenced except in Supreme Court of State of New York"); *AVC Nederland B.V. v. Atrium Inv. Partnership*, 740 F.2d 148 (2d Cir. 1984) (applying *Bremen* standard in affirming dismissal of action under § 10(b) of the Securities Exchange Act and the SEC's Rule 10b-5 where forum selection clause provided that "[a]ll and any disputes, differences or questions arising from the present Agreement shall be decided and determined by the competent court at Utrecht").

---

[4] *See also Spatz v. Nascone,* 364 F.Supp. 967, 974 (W.D. Penn. 1973) (contract provision requiring suit to be brought in courts of "Commonwealth of Pennsylvania" would be interpreted to mean that "that the suit must be brought only in the Courts of the Commonwealth of Pennsylvania and not in the federal court, although the latter has jurisdiction within the Commonwealth of Pennsylvania"). In *Spatz*, the court was considering a motion for summary judgment.

9

### B.  Congress, In Enacting SLUSA, Determined that Claims of This Nature Should Be Remanded to State Court

Congress, when it passed SLUSA, specifically determined that federal jurisdiction should not pre-empt state court jurisdiction over state law claims filed in state court by state pension funds, such as NJ DOI. Subsections 15 U.S.C. §§ 78bb(f)(3)(B) and (D) of SLUSA specifically provide that with respect to any action brought by a "State or political subdivision thereof or a State pension plan ... involving a covered security," "if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court." Inasmuch as NJ DOI asserts only state law claims that "may be brought in state court"[5], SLUSA requires that this Court remand the action to state court.

Defendants failed to address the implications of SLUSA in their Notice of Removal.

SLUSA is consistent with the overwhelming body of federal law that gives deference to a state institution's choice of a state forum for the litigation of claims. *See Ret. Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1269-70 (M.D. Ala. 2002) (describing the "special" deference conferred by Congress to states in the context of securities litigation to vindicate their interests in their preferred jurisdiction):

> [SLUSA] exempts from the preemption provisions ... state governments and specifically state pension plans. This exemption, it is argued, embodies a Congressional recognition of the special needs of state governments and pension plans to be able to pursue state law remedies in state courts in order to protect their pensioners and taxpayers from securities fraud.... [T]hese provisions clearly evince a policy of special respect for the forum choices of state pension plans with regard to securities claims and for state courts whose jurisdiction is invoked to hear

---

[5]  Defendants do not dispute that plaintiff's state law claims "may" be brought in state court.

10

> them, and adds a strong reason for abstention in this case not present in most other cases.

*See also Tennessee Consol. Retirement Sys. v. Citigroup, Inc.*, Civil Action No. 3:03-0128, 2003 Westlaw 22190841, at *2 (M.D. Tenn. May 9, 2003) (same), *denying reconsideration*, 2004 U.S. Dist. LEXIS 24043 (Oct. 12, 2004).

### C. This Court Lacks Subject Matter Jurisdiction

This action should be remanded for the additional reason that this Court lacks subject matter jurisdiction over NJ DOI's claims. 28 U.S.C. § 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Defendants do not even argue that plaintiff's complaint pleads a federal cause of action. Instead, defendants argue that plaintiff's claims "arise" under federal law because plaintiff's state law claims "will require the interpretation of federal law and may properly be heard by this Court." Notice of Removal at 4.

Defendants' argument relies heavily on *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). In *Grable*, the petitioner brought a quiet title action in Michigan State court. Five years before the suit, the IRS had seized the petitioner's property to satisfy federal tax delinquencies, served notice of the seizure on the petitioner by certified mail, and sold the property to respondent. Petitioner's suit against respondent claimed that petitioner had retained title because the federal statute that governed service of the seize notice required personal service, not service by certified mail. The U.S. Supreme Court held that under those unique facts, where the petitioner's claim necessarily required a determination of "substantial" federal law, and there were no material issues of fact or law in dispute other than the application of federal law, that the

11

petitioner's claims "arose" under federal law, making it appropriate for the petitioner to invoke the federal court's jurisdiction:

> [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. [*Id.* at 314.]

In *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677 (2006), the U.S. Supreme Court clarified the limited circumstances where a District Court may exercise subject matter jurisdiction notwithstanding the absence of a specifically asserted federal claim. In *Empire,* a federally-funded health plan sued one of its members in district court. The plaintiff health plan sought to recover medical expenses it had paid when the defendant plan member received a settlement from an action in state court. *Id.* at 2128. The Supreme Court affirmed the District Court's dismissal of the action holding that the case did "not fit within the special and small category" provided by *Grable. Id.* at 2136. The Court in Empire noted that, in contrast to *Grable,* which presented "a nearly 'pure issue of law'[,] Empire's reimbursement claim … is fact-bound and situation-specific." *Id.* at 2137.

Courts in this Circuit have uniformly followed *Empire Healthcare* and have allowed parties to invoke "federal interest" jurisdiction in only the rarest of circumstances not present here. *See Siravo v. Crown, Cork & Seal Company*, 256 Fed. Appx. 577 at *8 (3rd Cir. 2007) ("the District Court correctly determined that the passing OSHA references did not provide a basis for federal-question jurisdiction over Plaintiffs' otherwise 'garden variety state tort law' claims.").

12

Here, the facts make clear that "federal interest" jurisdiction under *Grable* is not appropriate. First, plaintiff knows of no precedent that has applied *Grable* to support removal in the face of an express forum selection clause.

Second, plaintiff's claims, premised solely on breach of contract, negligent misrepresentation, and breach of the covenant of good faith and fair dealing, raise no federal legal issues, and certainly no federal legal issues that are "disputed" or "substantial." *See* Grable, 545 U.S. at 314. The agreements expressly state (Section 6.10) that they "will be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and to be performed entirely within such State." New York common law, rather than federal statutory law, will be primarily (if not exclusively) at issue in this action. *Fairfax Financial Holdings Ltd. v. S.A.C. Capital Management, LLC*, Civil Action No. 06-cv-4197 (DMC), 2007 Westlaw 1456204, at *5 (D.N.J. May 15, 2007) (granting plaintiff's motion for remand and rejecting defendant's assertion of federal court jurisdiction based on *Grable* on grounds that "[p]laintiff's allegations that Defendants violated provisions of the Exchange Act merely support Plaintiffs' state [RICO] causes of action."); *Fagin v. Gilmartin*, Civil Action No. 03-2631 (SRC), 2007 Westlaw 419286, at *4 (D.N.J. Feb. 1, 2007) (holding, in granting motion to remand, that "factual predicates alleging that one component of the alleged wrongdoing was, in essence, making false filings with the SEC, do not transform the state claims into claims seeking redress for federal violations and do not raise a substantial and disputed question of federal law") (also holding, "with regard to the division of labor component of the *Grable* test, this Court is of the opinion that entertaining the claims presented here would overreach the limits of jurisdiction conferred upon this Court and put the Court in

13

the unacceptable-and unauthorized-position of passing on matters of state law, in a case in which diversity jurisdiction is not apparent"); *Stechler v. Sidley Austin Brown & Wood, LLP*, Civil Action No. 05-3485 (HAA), 2006 WL 90916, at *1 (D.N.J. Jan. 13, 2006) (adopting Magistrate's recommendation to remand and rejecting jurisdiction based on *Grable*, on grounds that "the primary issue [in this case] is not the meaning of federal tax law, but whether the representations made and advice given to the plaintiffs was fraudulent and/or negligent") (alteration in original) (also noting that "allowing jurisdiction here would open the federal courts to a legion of garden-variety state-law claims which allege, among other things, a fraudulent or unreasonable interpretation of federal law").

Moreover, SLUSA unequivocally establishes that the federal/state balance of interests addressed in *Grable* should be decided in favor of remand to the state court. *See* 28 U.S.C. §§ 78bb(f)(3)(B) and (D).

## **CONCLUSION**

Remand is required by the forum selection clause in Section 6.10 of the Agreements, and SLUSA (requiring the remand of actions brought by state pension funds in state court). Defendants fail to establish the extraordinary circumstances necessary for the exercise of federal jurisdiction over state claims especially in light of the clearly stated federal policy to preserve the state pension fund's choice of forum and the parties' bargained for and unequivocal forum selection clause.

Because the issues on remand are so clear, and because defendants failed to inform the Court of the forum selection clause, plaintiff respectfully submits that it is

appropriate that the Court consider the award of fees and costs against defendants pursuant to 28 U.S.C. § 1447(c).

Dated: September 16, 2009

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP

By:   /s/Jeffrey W. Herrmann
      Jeffrey W. Herrmann

**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022

Attorneys for Plaintiff